**HARMON et al. v. OVERTON REFIN-
ING CO. et al.**

No. 2097—6934.

Commission of Appeals of Texas, Section A.

Dec. 8, 1937.

Phillips, Trammell, Chizum, Estes & Edwards, of Fort Worth, Greenwood, Moody & Robertson, of Austin, and Smith & West, of Henderson, for plaintiffs in error.

A. A. Garrett and F. W. Fischer, both of Tyler, and George E. Holland and John C. Gray, both of Henderson, for defendants in error.

GERMAN, Commissioner.

In original opinion we reversed in part the judgment of the trial court and of the Court of Civil Appeals and rendered judgment for defendants in error. We also reversed said judgments in part with instructions that the cause be dismissed. In this respect we have concluded there was error. The Court of Civil Appeals reversed and remanded the cause in toto for a new trial. Defendants in error did not prosecute writ of error complaining of the action of the Court of Civil Appeals in remanding the cause. While the action of the Court of Civil Appeals was favorable to them upon the questions discussed and they were not required to prosecute writ of error in that regard, yet the judgment remanding the cause, instead of reversing and rendering same, was against them; and if dissatisfied with the judgment in that regard they should have made application for writ of error. Howard v. Commonwealth Building & Loan Association, 127 Tex. 365, 94 S. W.2d 144. This court did consider their various propositions urged in the Court of Civil Appeals, but without an application for writ of error did not have jurisdiction to disturb the judgment remanding the cause.

The judgment heretofore rendered is therefore set aside, and the judgment of the Court of Civil Appeals reversing and remanding the cause is affirmed. We remark,

however, that, as shown by the original opinion, the trial court should have sustained the demurrers to that part of the petition seeking to set aside the deed of May 21, 1931, and should have instructed verdict in favor of defendants in error on the question of adverse possession.

In all other respects the motion for rehearing by plaintiffs in error is overruled.

Opinion adopted by the Supreme Court.