DR. JOE GILBERT ET UX V. H. F. GREEN.

No. A-3176. Decided October 3, 1951.
Rehearing overruled November 7, 1951.
(242 S. W., 2d Series, 879.)

522

*Hornsby & Kirk and Stanley Hornsby,* all of Austin, for petitioners.

The trial court properly rendered judgment in this case for the plaintiffs against the respondent notwithstanding the verdict of the jury as the evidence conclusively showed as a matter of law that respondent, defendant below, had failed to establish the necessary elements to support his plea of ten years limitation, and the Court of Civil Appeals erred in reversing that judgment and holding that plaintiffs take nothing. McAnnally v. Texas Co., 124 Texas 196, 76 S.W. 2d 997; Kirby Lumber Co. v. Conn, 114 Texas 104, 263 S. W. 902; Houston Oil Co. v. Stepney, 187 S. W. 1078, writ refused.

*Archer & Archer and L. Hamilton Lowe,* all of Austin, for respondent.

Mr. Justice Wilson delivered the opinion of the Court.

The parties will be identified as in the trial court where Dr. Joe Gilbert et ux were plaintiff and H. F. Green was defendant.

The issue in this case is joined, and the facts recited at length, in the several opinions filed with their judgment by the Court of Civil Appeals (recorded in 237 S. W. 2d 1010.)

Plaintiff seeks to regain possession under a record title from defendant claiming a limitation title to a tract of bottom land situated in Hornsby's Bend of the Colorado River in Travis County, Texas.

The jury returned a verdict for defendant. The trial court entered judgment non obstane veredicto for the plaintiff. This was reversed by the Court of Civil Appeals and judgment there rendered for the defendant upon the jury verdict. We here reverse the Court of Civil Appeals and affirm the judgment of the trial court.

The controlling question is whether there is any evidence that S. E. Parsons (defendant's predecessor in title) asserted an adverse and hostile claim of ownership against his brother-in-law, Dr. G. H. Gilbert (plaintiff's predecessor in title) while using this land. Parsons testified he had never asserted a hostile and adverse claim of ownership although he had used the land. The Court of Civil Appeals recited the evidence on the use of the land, held that this use raised a presumption of hostile and adverse possession, and that this presumption would satisfy the required element in defendant's case of hostility and thus support the jury verdict.

■ It is true that possession under the ten-year statute has been held to raise a presumption or inference that it is adverse and hostile in the absence of evidence to the contrary qualifying and explaining the possession, Hartman v. Huntington, 11 Texas Civ. App. 130, 32 S. W. 562, but the proof establishing the possession must itself be consistent with a hostile claim of ownership in order to support such a presumption. Casting this in terms of a presumption is deceptive. See McCormick & Ray, Texas Evidence, Chapter 4. It is better to say that the same evidence can be used to prove both possession and a hostile claim of ownership if that evidence itself is susceptible to this treatment. In Richards v. Smith, 67 Texas 610, 4 S. W. 571, the Court expressed it this way:

"The adverse claim may be manifested by facts which will not amount to an exclusive possession, while an exclusive possession may be such as to be sufficient evidence of an adverse claim. * * *."

■ Here Parsons and Dr. Gilbert came into possession through a family partition of two adjoining and unfenced tracts of bottom land without a fence between them. Parsons' outside fence ran through the bottom land to the river. There was a partition fence between the high land of Parsons and that of Dr. Gilbert, but this stopped at the edge of the bottom. Dr. Gilbert, desiring to keep his cattle out of the bottom, erected a fence along the edge of the bottom from the termination of the partition fence between their high land to a point on the river near his own outside fence. This had the effect of separating Dr. Gilbert's cattle from those of Parsons and leaving Parsons' cattle still free to graze over Dr. Gilbert's bottom land. We cannot hold that Dr. Gilbert's decision to withdraw his cattle from his own bottom land by fencing it off and thus leaving Parsons' cattle grazing over the entire bottom gave Parsons such a possession of Dr. Gilbert's bottom land as would, in and of itself, raise a presumption of hostile and adverse claim of ownership in Parsons. Harmon v. Overton Refining Co., 130 Texas 365, 109 S.W. 2d 457, Id. 110 S.W. 2d 555. This would be holding that Dr. Gilbert by his own act defeated his own title, while Parsons did nothing. It is significant here that the disputed land was enclosed with Parsons' land not by some positive act of Parsons which would serve notice upon Dr. Gilbert that Parsons was claiming ownership, but instead by Dr. Gilbert's own act in erecting a subdivision fence located wholly within his own land. Parsons did nothing to "unfurl his flag" so that Dr. Gilbert might see that "an enemy had invaded his domains, and planted the standard of conquest".1 Am. Jur.

865, Par. 130. They were brothers-in-law, and there is no direct evidence of any hostility between them while they were in possession. The description in the deed from Parsons to defendant did not include the disputed tract but instead included only the land Parsons had under record title. There is no evidence that Parsons made improvements upon the disputed land, or cultivated any part of it. Here the evidence establishing use and possession in Parsons is inconsistent with a hostile claim of ownership and for that reason does not raise such a presumption. McKee v. Stewart, 139 Texas 260, 162 S.W. 2d 948. A better way to express it is that the evidence establishing use and possession in Parsons does not in itself prove that possession was held under a hostile claim of ownership, but rather the contrary.

■ We find no direct evidence supporting defendant's contention that Parsons' use of this land was made under a hostile claim of ownership. The oral statement which defendant testified Parsons made to him in January, 1948, helps defendant only as impeachment of Parsons' testimony, Parsons having long since parted with title at the time defendant says that Parsons made the statement. The Parsons letter simply states that Parsons had sole use of the land after 1926, and therefore adds nothing. Defendant had the burden of offering proof of a hostile claim. Impeaching a denial does not meet this burden. Parsons as a witness when sworn and subject to cross examination was competent to testify as to whether he claimed ownership at the time he was in possession, and his prior contradictory statement, made after he had transferred possession, could be used for impeachment, but such a parol statement is not in and of itself sufficient to plug up the gap in defendant's case when tested against a motion for instructed verdict. In Pearson v. Doherty, 143 Texas 64, 183 S. W. 2d 453, the witness testified one way in a deposition and another on trial, both competent testimony, and thus raised a fact issue. In Thompson v. Moor, Texas Com App., 14 S. W. 2d 803, the Court reversed the question.

■ The Court of Civil Appeals bases its judgment in part upon the holding that an oral lease from Parsons to Earl Tubbs is evidence of a hostile claim of ownership by Parsons against Dr. Gilbert. Since there was no fence between Parsons' land owned by record title and the disputed land, Tubbs could not graze cattle on the land Parsons owned without their grazing over the disputed tract, just as Parsons' cattle had Tubbs' use of it as tenant was exactly the same as Parsons had been, and does not alter the situation.

■ It is apparent from the whole record that defendant, H. F. Green, bought this land under the impression that the 33.35 acres involved in this dispute was included in the pasture he was purchasing, and it is also apparent that Parsons did nothing to correct this impression. The record discloses, however, that there is no testimony of Parsons' acts or words at the time of the transfer which would be admissible evidence to show a hostile claim by Parsons against Dr. Gilbert. Neither does the defendant's testimony of his conversation with Parsons on a fish fry prior to the purchase show a hostile claim of ownership by Parsons against Dr. Gilbert. The Parsons letter, quoted in the opinion of the Court of Civil Appeals, is further evidence of the fact that Parsons allowed defendant to believe that the disputed land was within the pasture, but this deception practiced upon Green is in no way chargeable to Dr. Gilbert and his successors in title.

Accordingly, the judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Costs of appeal are taxed against respondent (defendant below).

Opinion delivered October 3, 1951.

Rehearing overruled November 7, 1951.