J. R. Sweeten et ux v. J. F. Park

No. A-4912. Decided March 9, 1955.
Rehearing overruled April 13, 1955.
(276 S.W. 2d Series 794)

*C. H. Gilmer,* of Rocksprings, *Looney, Clark & Moorhead, Everett L. Looney, Charles D. Matthews* and *R. Dean Moorhead,* all of Austin, for petitioners.

The Court of Civil Appeals erred in holding that petitioners held the land as permissive tenants of the holders of the record title rather than as claimants by adverse possession; that limitation could not begin to run in favor of petitioners until they repudiated their so-called permissive tenancy and that there was no evidence that petitioners repudiated such tenancy. Harvey v. Peters, 227 S.W. 2d 867; McKensie v. Grant, 93 S.W. 2d 1160; Mills v. Pitts, 121 Texas 196.

*Robert A. Sone,* of Corpus Christi, and *L. Hamilton Lowe,* of Austin, for respondents.

"Continued possession of land after a judgment has been rendered in which the possessor is divested of title, and the title vested in another is considered in subordination to the title so adjudicated." Brown v. Bickford, 237 S.W. 2d 763; O'Mears v. O'Mears, 181 S.W. 2d 891; Kidd v. Young, 144 Texas 322, 190 S.W. 2d 65.

Mr. Chief Justice Hickman delivered the opinion of the Court.

This is a suit in trespass to try title brought by respondent, J. F. Park, and others against petitioners, J. R. Sweeten and wife, Gladys Sweeten, for title and possession of 160 acres of land in Real County. Petitioners pleaded the statute of limitation of ten years, Rev. Stats., Art. 5510. Only two special issues were submitted to the jury and they pertained to the plea of limitation. The answers of the jury to the issues were favorable to petitioners, and judgment was rendered thereon in their favor by the trial court. The judgment was reversed by the Court of Civil Appeals, and judgment was rendered in favor of respondent. 270 S.W. 2d 687.

It appears that the record title to the land in suit was in I. I. Hutcherson from 1910 until he died intestate in 1931, but the record is not clear as to the exact nature of his title. The land was deeded to him in 1910 by W. P. Felts and wife. He was a single man at that time and remained single until he married Gladys Taylor, now Mrs. Sweeten, a few months before his

death. In 1913 he entered into a contract with his father and mother, W. D. Hutcherson and Mrs. A. J. Hutcherson, in which it was recited that they had deeded to him "* * ** our home, and in return I. I. Hutcherson * * does agree in the presence of witnesses to see after and take care of the said parties of the first part (his parents) until their death and in case he fails to do so all property reverts to said parties of the first part." There was testimony to the effect that the parents paid the recited cash consideration to Felts but had the deed taken in the name of I. I. Hutcherson, and that the property designated as "our home" in the contract referred to the 160-acre tract in litigation. The Court of Civil Appeals stated that by the contract of 1913 the parents agreed to convey to their son the land in suit, and further stated that "evidently the conveyance was made." The character of the title of I. I. Hutcherson is not at issue in the instant suit, and reference thereto has been made for the purpose of disclosing that he was rightfully in possession of the property, with the record title thereto standing in his name until his death. Whatever may have been the character of his title, same has been extinguished by the judgment described below, and Mrs. Sweeten, his surviving wife, relies alone, as she must, upon her claim of title by limitation.

The issues in this case stem from a judgment rendered in 1934 and the subsequent possession of the land by the Sweetens. It appears that W. D. Hutcherson, the father of I. I. Hutcherson, died intestate sometime prior to 1920. In 1923, after the death of I. I. Hutcherson and the marriage of his widow, Gladys, to Sweeten a suit was filed by Mrs. A. J. Hutcherson and her children against the Sweetens to try the title to three tracts of land in Real County, one being the 160-acre tract in suit, another being a 480-acre tract, and another a 31-acre tract, and also certain town lots in Camp Wood, Real County. An agreed judgment was rendered in that suit on May 30, 1934. That judgment will be considered in detail later on in this opinion, but for present purposes it is sufficient to state thatt he fee simple title to the 160-acre tract in suit was vested in Mrs. A. J. Hutcherson. A short time thereafter she deeded that tract to certain of herc hildren who, in 1938, deeded same to the predecessor in title of the respondent, Park. The Sweetens remained in possession of the land notwithstanding the agreed judgment, and were still in possession when the present suit was filed on December 23, 1947. In answer to special issues the jury found: (1) that the Sweetens had peaceable and adverse possession of the land in suit, cultivating, using or enjoying the same for a period of ten consecutive years prior to the filing of this suit

on December 23, 1947, and (2) that they asserted adverse possession for a ten-year period prior to the filing of this suit after the entry of the judgment on May 30, 1934, against the plaintiff and his predecessors in title of such unequivocal notority that the plaintiff would be presumed to have had notice of such adverse claim and possession. The Court of Civil Appeals held that there was no evidence supporting finding (2), and upon that ground reversed the trial court's judgment and rendered judgment for respondent.

In its well-considered opinion the Court of Civil Appeals discussed the broad question of limitation here involved under three categories: (1) Where the grantor retains possession after the execution of a deed; (2) where the losing party in an adversary suit retains possession after judgment rendered against him; and (3) where a party has consented to a judgment divesting him of title, but nevertheless retains possession. The court concluded that there was no real basis for a distinction between a holding over after the execution of a deed and a holding over after the rendition of a judgment, either adverse or by consent. We do not have before us a case wherein judgment was rendered in an adversary suit, and we shall, therefore, not consider category (2).

In arriving at a conclusion as to the character of the possession of the Sweetens after the entry of the consent judgment of May 30, 1934, it is necessary to consider the nature of that judgment. When we do we find that it is an unusual one in an action of trespass to try title. It more nearly partakes of the nature of a judgment in a suit for partition wherein the property is not divided in kind. The plaintiffs in that suit were Mrs. A. J. Hutcherson and her adult children, and the defendants were the Sweetens. There were three tracts of land and some town lots involved. Apparently all of the property was the community property of Mrs. Hutcherson and her deceased husband, who died intestate many years before the death of his son, I. I. Hutcherson. Mrs. Sweeten owned an interest in the estate as an heir of I. I. Hutcherson. The judgment by agreement of the parties vested in the mother, Mrs. A. J. Hucherson, the fee simple title to the town lots and the 160-acre tract in suit. There was vested in Mrs. Sweeten an undivided one-fourth interest in fee simple in the 480-acre tract and the 31acre tract, and the remaining three-fourths was vested in the plaintiffs jointly. It was ordered that the three tracts of land be sold by the joint owners thereof for the best price obtainable on such terms and conditions as might be agreed upon by them. The

judgment then ordered that out of the proceeds of sale there should first be deducted the value of the 160-acre tract adjudged to Mrs. Hutcherson, following which deductions should be made for specified amounts as attorney's fees, and after that the payment of all just and legal and approved claims against the estate of I. I. Hutcherson. It was finally ordered that the balance remaining should be distributed as follows: One-fourth to Mrs. Sweeten and the balance divided among the plaintiffs, share and share alike, with the further provision that in no event should Mrs. Sweeten receive less than $700.00. The judgment did not direct the issuance of a writ of possession. Whether or not the terms of that judgment were carried out by the parties has no relevancy to the question of the nature of the possession of the Sweetens immediately after its entry.

After having agreed to the entry of that judgment which divested them of all interest in the 160-acre tract, the Sweetens remained in possession thereof. It seems that their possession was not confined to that tract, but included also the 31-acre tract enclosed therewith. As to that 31-acre tract the Hutchersons and Mrs. Sweeten were tenants in common. The possession of the Sweetens after the entry of that judgment was clearly referable thereto and not in disregard thereof. While the title to the 160-acre tract was vested in Mrs. Hutcherson by the judgment, there was no provision for the issuance of a writ of possession, but on the contrary it was decreed that all the lands involved in the suit be sold and the proceeds of sale be distributed as directed. Clearly, the continued possession of the Sweetens after the entry of the consent judgment was permissive. It had none of the elements of adversity.

■ Had there been no suit at all, but on the date of the judgment the parties had executed an instrument in which the Sweetens admitted that they had no title to the property but that the fee title thereto was in Mrs. Hutcherson, heir continued possession would have been in no sense adverse unless and until they should bring home to her notice or presumption of notice of their repudiation of her title. This conclusion is supported, in principle at least, by Federal Land Bank of Houston v. King, 132 Texas 481, 122 S.W. 2d 1061; and Thompson v. Richardson, Texas Comm. App., 221 S.W. 952. By consenting to the judgment decreeing the fee title in Mrs. Hutcherson, the Sweetens agreed in the most solemn manner that they did not have title to the property, but that same was vested in fee in Mrs. Hutcherson. In the light of that agreement, limitation did not begin to run in favor of them prior to their repudiation of her title.

■ Petitioners claim that the possession of the Sweetens following the entry of the judgment is like that of a vendor who retains possession of land after having executed a deed thereto. Since this was a judgment by consent which is governed by the rules applicable to contracts generally (Tyner v. City of Port Arthur, 115 Texas 310, 280 S.W. 523), petitioners clearly can be in no better position than that of such a vendor. Accepting their theory that this case should be decided on the principle applicable to that of a vendor who holds possession of land after executing a deed thereto, the applicable rule of law has been declared by this court. In Kidd v. Young, 144 Texas 322, 190 S.W. 2d 65, we held that the possession of such a vendor must be regarded as subservient to the title of the vendee. We are called upon to overrule the holding of Kidd v. Young on that point. It is pointed out that it cannot be harmonized with earlier cases by this court, notably Smith v. Montes, 11 Texas 24; Harn v. Smith, 79 Texas 310, 15 S.W. 240; and Thompson v. Weisman, 98 Texas 170, 82 S.W. 503. We are reminded that our opinion in Kidd v. Young did not mention those prior contrary decisions. We have inspected the record in that case and find that in his motion for rehearing the losing party relied on Smith v. Montes, and Harn v. Smith, both supra. We cannot say, therefore, that those cases were overlooked. As stated in the opinion of the Court of Civil Appeals, with the citation of many supporting authorities, Kidd v. Young is in line with the decided weight of authority in this country. To overrule it would be to realign our court with the minority. No impelling reasons are perceived for adopting that course. Having cast our lot with the weight of authority, we think wisdom dictates that we remain there.

In the trial court it was properly assumed that the Sweetens were permissive tenants immediately after the rendition of the judgment, and the court accordingly submitted to the jury the issue of whether thereafter their possession was of such unequivocal notoriety that respondent would be presumed to have had notice thereof. Petitioners made no objection to that manner of submission. The jury found that their possession was of that nature. The Court of Civil Appeals held that such finding had no support in the evidence. We approve that holding. This language taken from the opinion of that court is also approved:

"* * * It was not contended that appellees gave actual notice of a repudiation of tenancy to Mrs. A. J. Hutcherson or to her children, who were the holders of the record title from the date of the judgment until the conveyance to Lon Felts in 1938. As

suit was filed on December 23, 1947, repudiation and notorious acts evidencing such repudiation must have taken place between May 30, 1934, and December 23, 1937, a period of approximately three years and seven months after the date of the judgment. When we limit our consideration to this period, it is found that the possession of appellees was of substantially the same nature and kind as that maintained by them prior to the rendition of the judgment. Under ordinary circumstances, it would be sufficient to support a finding of adverse possession under the statute, but it is insufficient to show a repudiation of tenancy by acts of unequivocal notoriety."

Petitioners seem to attach importance to the fact that in August, 1937, Mrs. Sweeten paid $5.09 taxes on the 160 acres and the 31 acres. Some of the Hutchersons learned of that fact, but since the tax was upon the 31-acre tract as well as the 160-acre tract, and since the Sweetens were enjoying the fruits of the property, that act alone did not evidence a repudiation of which the Hutchersons should have taken notice.

It is our view that this case has been correctly decided by the Court of Civil Appeals, and its judgment is accordingly affirmed.

Opinion delivered March 9, 1955.

Rehearing overruled April 13, 1955.