**The TEXAS COMPANY et al., Appellants,**

**v.**

**ARGO OIL CORPORATION et al.,**
**Appellees.**

**No. 12715.**

Court of Civil Appeals of Texas.

San Antonio.

March 16, 1955.

Rehearing Denied April 13, 1955.

Perkins, Floyd & Davis, Kenneth Oden, Alice, William S. Clarke, Houston, for appellants.

Cox, Patterson & Smith, San Antonio, Bryan, Suhr & Bering, Houston, Lloyd & Lloyd, Alice, for appellees.

NORVELL, Justice.

This is an action in trespass to try title involving 29.75 acres of land in Survey No. 149, Duval County, Texas. Appellants claimed by limitation under the ten-year statute, Article 5510, Vernon's Ann.Tex. Stats. Judgment was rendered non obstante veredicto in favor of appellees as the holders of the record title. It appears that in 1910, Viggo Kohler and D. C. Stroman held undivided interests in said Survey No. 149 (J. Poitevant, 640 acres) and in the adjoining Survey No. 11 (Mariano Chapa, 160 acres). They brought a suit for partition and in the preliminary decree were awarded a 524-acre interest. The remaining 276-acre interest was awarded to the Chapa claimants, who were Rafaela V. de Chapa and twelve other defendants, including Tranquilina Chapa de Carrillo and her husband, Eusebio Carrillo, Sr. The two surveys form a parallelogram, with outside boundaries running approximately true north and south and east and west. The 276-acre tract awarded to the Chapas by the final decree, was in the form of a smaller rectangle, 900 varas, east and west, by 1732 varas, north and south, located in the northeast portion of the larger tract. The boundaries of the Chapa allotment run parallel with the boundaries of the larger tract composed of both surveys. It seems, however, that the Chapa possession, particularly that of Tranquilina Chapa de Carrillo and her husband, Eusebio Carrillo, did not correspond with the lines fixed by the partition decree. The Chapa enclosures deviated from true north by approximately eighteen degrees to the west and also extended in a southerly direction below the south bounda-

ry line set for the Chapas by the partition decree. This accounts for the 29.75 acres in dispute which lie within the tract set aside to Kohler and Stroman, and to the west and south of the tract set aside to the Chapas by the final decree in partition.

In August of 1911, and after the entry of the partition decree above referred to, Kohler and Stroman began the construction of a fence to divide their properties from that allotted to the Chapas. Upon building the fence to the south it was discovered that the partition line entered and crossed the fence line of the Chapa enclosure. Kohler and Stroman, for some reason, constructed their fence around the Chapa possession, thus leaving a small portion of their lands within the Chapa fence. This portion composes the land currently in dispute and seems to have been in the actual possession of Tranquilina Chapa de Carrillo (or her husband) until her death in 1938.

Appellants' limitation issue was submitted to the jury under the ten-year statute in the usual and customary form. No request was made for a submission embodying the theory that the possession of Eusebio Carrillo, Sr., and his wife had originally been permissive and that thereafter they had repudiated such tenancy and given notice thereof either by express notice or unequivocal notoriety. Sweeten v. Park, Tex., 276 S.W.2d 794.

The jury answered the limitation issue favorably to appellants, but the trial court, upon proper motion, rendered judgment for appellees non obstante veredicto, upon the theory that the possession of Eusebio Carrillo, Sr., and Tranquilina Chapa de Carrillo was permissive rather than hostile in nature.

■ In our opinion, the judgment of the trial court was correct. Article 6100, Vernon's Ann.Tex.Stats., provides that a final decree of partition "shall vest the title in each party to whom a share has been allotted, to such share as against the other parties to such partition suit, their heirs, executors, administrators or assigns, as ful-

ly and effectually as the deed of such parties could vest the same, and shall have the same force and effect as a full warranty deed of conveyance from such other parties and each of them." One holding over after the execution of a deed is regarded as a tenant at sufferance, and before limitation will run against the true owner the tenant at sufferance must repudiate his tenancy and give notice of such repudiation to the true owner. Sweeten v. Park, Tex., 276 S.W.2d 794.

Appellants contend that from the action of Kohler and Stroman in constructing their partition fence around the Chapa possession (Tranquilina Chapa de Carrillo and Eusebio Carrillo) in 1911, it must be inferred that the Chapa possession was hostile and not permissive. It is said in the brief that this circumstance "raises the inescapable inference or conclusion * * * that some protest was made by Eusebio Carrillo and his wife to Kohler and Stroman against taking from them part of their enclosed and cultivated field, or at least that some words passed between them, which resulted in Kohler and Stroman fencing the land in question, part of the Carrillo, Sr., field, out of his pasture and into the enclosure of Eusebio Carrillo, Sr., and wife, and caused Kohler and Stroman and those claiming under them never thereafter to claim such land."

■ One could with equal logic infer that Kohler and Stroman did not wish to disturb the possession of the neighbors and necessitate the construction of new fences. The hypothesis that the action of the record owners was prompted by a desire to be good neighbors, is as reasonable as the suggestion that the deviation in the fence line was occasioned by a show of force or hostility on the part of Eusebio Carrillo, Sr. The record discloses no definite information as to why Kohler and Stroman deviated from the partition line and we can not presume a retreat in the face of a hostile claim. Gilbert v. Green, 150 Tex. 521, 242 S.W.2d 879. In the situation presented by the evidence in the case, established presumptions of law are

to be favored over speculative guesses. Kohler and Stroman, by virtue of the statute relating to the nature and effect of partition decrees, stood in the position of grantees under a deed from Eusebio Carrillo, Sr., and his wife, insofar as the lands here involved were concerned. As such, the continued Carrillo or Chapa possession is presumed to be permissive rather than hostile. Kidd v. Young, 144 Tex. 322, 190 S.W. 2d 65; Sweeten v. Park, Tex., 276 S.W.2d 794. Under these circumstances, it follows that a judgment for appellants upon the limitation issue submitted to the jury could not properly be rendered.

In our opinion the trial court was correct in rendering judgment for the appellees and such judgment is accordingly affirmed.