Legen HAYNES, Appellant,

v.

James I. DUNN et al., Appellees.

No. 5367.

Court of Civil Appeals of Texas, Waco.

Jan. 2, 1975.

Rehearing Denied Jan. 23, 1975.

---

Bernard C. Reeves, Fairfield, for appellant.

Mac L. Bennett, Jr., Normangee, W. A. Keils, Jr., Teague, for appellees.

## OPINION

JAMES, Justice.

This is a trespass to try title suit. Plaintiff-Appellant Legen Haynes sued Defendant-Appellees J. H. Buchanan, R. L. Oden and James I. Dunn, Jr. for title to and possession of a specific 30.06 acre tract of land located in Leon County, Texas. Plaintiff moved for a summary judgment which motion was controverted by Defendants, after which the motion for summary judgment was overruled by the trial court.

Trial was had to a jury, which found (and failed to find) as follows:

No. 1: The jury failed to find that "the Plaintiff and those under whom he holds and claims has held peaceable, adverse, and continuous possession of the 30.06 acres of land—cultivating, using or enjoying the same, openly, notoriously, and adversely for any period of ten (10) consecutive years or more prior to May 15, 1972."

No. 2: Not answered because it was conditioned upon an affirmative finding to Special Issue No. 1.

No. 3: The jury failed to find that Plaintiff Legen Haynes *did not* sign the deed to the Jewett State Bank dated August 6, 1929, filed for record August 30, 1929, of record in Vol. 71, page 520 of the Deed Records of Leon County, purporting to convey his interest in the Jeff Haynes Estate. (please see chart below).

No. 4: In answer to this issue, the jury found that none of the Defendants (Buchanan, Oden, or Dunn) had any actual or constructive notice of Plaintiff's claim of title at the time of their respective acquisitions of title in and to the land in controversy. (please see chart below).

Pursuant to the jury verdict, the trial court entered judgment that Plaintiff Legen Haynes take nothing, and awarded title and possession of the surface estate to Defendant Dunn, and awarded title and possession of the mineral estate to Defendants Buchanan and Oden, jointly and equally.

Plaintiff Legen Haynes appeals on four points of error complaining as follows: (1) that the trial court erred in overruling his motion for summary judgment; (2) that there was no evidence to support the jury's findings that the three Defendants were each innocent purchasers for value without notice (Special Issue No. 4); (3) that the jury's answer to Special Issue No. 1 was against the great weight and preponderance of the evidence (this was the issue wherein the jury failed to find for the Plaintiff on his ten year limitation claim); and (4) that counsel for Defendants committed improper jury argument.

We revert to Appellant's third point, namely, that the jury's answer to Special Issue No. 1 was so against the great weight and preponderance of the evidence as to be manifestly unjust. As stated above, in response to this issue, the jury failed to find that Plaintiff-Appellant Haynes had perfected title to the 30.06 acre tract in question by adverse possession under the ten year statute of limitation. We overrule this point of error.

In order to clarify the respective chains of title under which Plaintiff Haynes on the one hand claims, and the three Defendants on the other hand claim, we have prepared the following chart which begins with the common source of title:

## CHAINS OF TITLE (FROM COMMON SOURCE)

JEFF HAYNES          AND WIFE          MATTIE HAYNES

(died intestate 1928)          (died intestate 1923)

598 ACRES MORE OR LESS IN LEON CO.

UNDIVIDED 1/20th INTEREST

LEGEN HAYNES (WIFE IS THELMA HAYNES)

PARTITION JUDGMENT
DATED OCT. 22, 1929
VOL. "L", P. 185
DISTR. COURT MINUTES

WARRANTY DEED
DATED: AUG. 6, 1929
FILED: AUG. 30, 1929
VOL. 71, P. 520, DEED RECORDS
CONVEYS: "UNDIVIDED INTEREST
IN JEFF HAYNES ESTATE"

JEWETT STATE BANK
(THRU LIQUIDATING TRUSTEES)

LEGEN HAYNES
(AWARDS A SPECIFIC
30.0% AC. TRACT
TO LEGEN HAYNES)

WARRANTY DEED
DATED: DEC. 1, 1930
FILED: JAN. 27, 1931
VOL. 77, P. 428, D/R.
CONVEYS 30.06 AC. TRACT

SP. WARRANTY DEED
DATED: SEPT. 15, 1952
FILED: OCT. 14, 1952
VOL. 204, P. 382 D/R.
CONVEYS PROPERTY DESCRIBED
SAME AS IN DEED TO THE BANK.

G. H. KYLE

J. H. BUCHANAN (Defendant)

WARRANTY DEED
DATED: FEB. 3, 1932
FILED: DEC. 14, 1932
VOL. 87, P. 517 DEED RECORDS
CONVEYS 30.06 AC. TRACT

SP. WARRANTY DEED
DATED: DEC. 1, 1952
FILED: June 29, 1953
VOL. 210, P. 403 D/R.
CONVEYS: UNDIVIDED 1/2
INTEREST IN
ABOVE PROPERTY.

CHARLIE CRAIG

R. L. ODEN (Defendant)

WARRANTY DEED
DATED: MAY 4, 1966
FILED: O/A MAY 4, 1966
VOL. 336, P. 40, DEED RECORDS
CONVEYS 30.06 AC. TRACT

WARRANTY DEED
DATED: MAR. 27, 1968
FILED: APR. 10, 1968
VOL. 349, P. 853 D/R.
SURFACE RIGHTS ONLY
TO 30.06 AC. TRACT.

LEGEN HAYNES (Plaintiff)

JAMES I. DUNN, JR. (Defendant)

Plaintiff Haynes's chain of title is shown on the left-hand side, while the Defendants' chain of title is shown on the right-hand side. The chart is an oversimplification in that all grantors and grantees are not shown, and in some deeds properties other than the 30.06 acres in controversy were conveyed; however, we will set these matters straight with more exactitude where necessary in this opinion.

The common source of title is in Jeff Haynes and wife Mattie Haynes, the parents of Plaintiff Legen Haynes. Jeff Haynes and Mattie Haynes were the owners of some 598 acres of land in Leon County, Texas, of which the 30.06 acre tract is a part. Mattie Haynes died intestate in 1923 and Jeff Haynes died intestate in 1928. Apparently they left a large family, because the land was eventually divided into twenty shares in the partition judgment of the District Court of Leon County of October 22, 1929, hereinafter more particularly referred to.

However, *after* the death of Jeff and Mattie Haynes, and *before* the land was partitioned in kind in the District Court, Legen Haynes and two of his brothers, to wit, Haymon Haynes and Bunk Haynes, joined by their respective wives, executed a warranty deed to the Jewett State Bank, conveying all the undivided interests which the three Haynes brothers (Haymon, Legen, and Bunk) owned in the Jeff Haynes Estate. This deed was dated August 6, 1929, was filed for record August 30, 1929, and was of record in volume 71, page 520, of the Deed Records of Leon County, Texas.

Then, after the above deed was made to the Jewett State Bank, a judgment in partition was had in the District Court of Leon County, Texas, in which suit the Jewett State Bank was not a party. This partition judgment is dated October 22, 1929, and is of record in volume "L", page 185, of the District Court Minutes of said county, which judgment partitioned in kind the 598 acres into twenty shares, with Share No. 5 being awarded to Plaintiff Legen Haynes, same being the 30.06 acres in controversy. In the same judgment Haymon Haynes received a tract of 27.62 acres which was Share No. 14 and Bunk Haynes received another tract of 28.5 acres which was Share No. 19. The three tracts, that Legen, Bunk, and Haymond Haynes as awarded to them by the partition judgment, total 86.18 acres.

The testimony of Plaintiff Legen Haynes and his witnesses in support of his claim of title under the ten year statute of limitations may be summarized as follows: In February 1930, after Plaintiff had been awarded the 30.06 acre tract in the partition judgment, Plaintiff with the help of two of his brothers, Walter Haynes and Isaac Haynes, built a four-wire fence around the 30.06 acre tract, cleared out a spring to furnish water, and put livestock on it, and then continued to pasture livestock on it each and every year thereafter until August of 1970. Legen Haynes did not live on this 30.06 acre tract, but resided upon and farmed another tract of land a few miles away from the tract in controversy. Each year he pastured and grazed the 30.06 acres until his farm crops were harvested in the fall, at which time he moved his cattle off the 30.06 acre tract and "turned them into" the farm land during the winter until spring planting time. When it was time for spring planting each year, he moved the cattle back on the 30.06 acres until fall, and so on in the same manner each year until 1970.

Plaintiff testified that he borrowed some money from G. H. Kyle in December 1930, and deeded the 30.06 acres to him (see chart) but he (Plaintiff) kept on using the land as Kyle's tenant until February 1932, when the property was deeded by Kyle to Charlie Craig (see chart). Plaintiff said he continued as the tenant of Charlie Craig until May 1966, when the 30.06 acres was conveyed by Charlie Craig to Plaintiff Legen Haynes (see chart). There is no showing that Plaintiff personally paid any taxes on the 30.06 acre tract; however, a redemption receipt dated November 30,

885

1965, shows Defendant R. L. Oden paid taxes for some specified years between 1930 and 1958, omitting others. This redemption receipt was shown to be issued to "R. L. Oden et al. (Legen Haynes)." Plaintiff contends that during all this time from 1930 to 1970, he and his predecessors in title claimed to own the land and had adverse possession of it, thereby establishing a limitation title to the land under the ten year statute of limitations.

Now let us briefly review the Defendants' chain of title: At some time after Plaintiff Legen Haynes and his two brothers and their wives conveyed their undivided interests in their parents' land to the Jewett State Bank, said Bank went into liquidation; then in September, 1952, the Trustees in Liquidation of said Bank executed a special warranty deed to Defendant J. H. Buchanan, conveying a number of pieces of property, including the property in controversy. Buchanan testified he paid $12,000.00 for all of this property. Then in December, 1952, Defendant Buchanan executed a special warranty deed to Defendant R. L. Oden, conveying an undivided one-half interest in and to all the property which Buchanan purchased from the Bank's Trustees. Oden testified that he paid $6000.00 consideration for this deed. Then in 1968, Defendants Buchanan and Oden executed a warranty deed to Defendant James I. Dunn, Jr., conveying surface rights only of 86.18 acres of land which included the 30.06 acre tract in controversy, for a consideration of $6894.40.

In evaluating Plaintiff-Appellant's claim of title under the ten year statute of limitations, we must necessarily view it in the light of his deed to the Jewett State Bank, which was executed and filed for record prior to the time he was awarded the specific 30.06 acre tract in the partition judgment.

As stated above, the jury failed to find in answer to Special Issue No. 3 that Plaintiff Legen Haynes did not sign this deed to the Jewett State Bank, and this finding is not challenged by Plaintiff in his points of error. This deed appears to be a general warranty deed regular on its face, executed by Legen Haynes and wife Thelma Haynes, Haymond Haynes and wife Vestor Haynes, and Bunk Haynes and wife Sallie Haynes. It was shown to be properly acknowledged by all the grantors, with the wives each acknowledging privily and apart from their respective husbands.

It was shown to be executed August 6, 1929, and filed for record August 30, 1929, in the Deed Records of Leon County. In a previous abandoned pleading, a portion of which was offered in evidence by the Defendants, Plaintiff alleged that this deed was in fact a mortgage on Plaintiff's interest in his parents' estate to secure the payment of a debt owed to the Bank at the time of his father's death. Then in Plaintiff's Fifth Amended Original Petition, upon which Plaintiff went to trial, he alleged this deed was a forgery and made no contention that this deed was a mortgage. Plaintiff and his brother Haymon Haynes each denied on the witness stand that they signed this deed or ever appeared before the notary public for acknowledgement. The third brother whose name appeared as grantor, Bunk Haynes, was dead at the time of trial; however, the record is silent as to whether the three wives (or any of them) were living and available as witnesses. At any rate, none of the wives were offered as witnesses by Plaintiff to deny that they signed the deed. The notary public who is recited to have taken the acknowledgements was dead at the time of trial and therefore unavailable.

In this state of the record, we are obliged to start with the assumption that Plaintiff Legen Haynes did execute the deed to the Jewett State Bank on August 6, 1929, at a time prior to the commencement of Plaintiff's asserted adverse possession, which he says started in February 1930. Since the Jewett State Bank is the predecessor in title of all three Defendant-Appellees, Plaintiff's asserted

adverse possession must of necessity fail as a matter of law. Having executed a deed conveying the land in controversy to Jewett State Bank, Plaintiff Legen Haynes was under the burden to show that thereafter his use and occupation of the land was inconsistent with, and hostile to, the claims of Defendant-Appellees as successors in title from Jewett State Bank. The fact that from February 1930 until August 1970, Plaintiff continued in possession of, and exercised dominion over the land was not, within itself, inconsistent and hostile to the title conveyed by the deed to Jewett State Bank. His possession must be regarded as subservient to the title held by the Jewett State Bank and its successors in title, the Defendant-Appellees. The deed estops Plaintiff-Appellant from claiming that his possession is adverse. Kidd v. Young (1945), 144 Tex. 322, 190 S.W. 2d 65.

■ Plaintiff-Appellant's possession of the land in controversy would have been in no sense adverse to Jewett State Bank or to Defendant-Appellees unless and until Plaintiff should bring home to them a repudiation of their title. In order to cause limitations to begin running, Plaintiff had the burden of showing a repudiation of the title of the Jewett State Bank or of the Defendants. This Plaintiff did not do. The record is completely silent concerning any repudiation by Plaintiff of the title of Jewett State Bank, or that of Defendants. In fact, it may readily be inferred from the four corners of the record that Plaintiff never at any time repudiated their title. Therefore, in the absence of such repudiation, limitations never began to run in Plaintiff's favor. Sweeten v. Park (1955), 154 Tex. 266, 276 S.W.2d 794. Also see Green v. Vance (Houston 1st C.A. 1958), 311 S.W.2d 738, principal holding approved by our Supreme Court in a per curiam opinion in 158 Tex. 550, 314 S.W.2d 794. Therefore, for the above reasons, Plaintiff-Appellant's third point is overruled, and we hold that the jury's answer to Special Issue No. 1 (find-

ing against Plaintiff on his asserted adverse possession) is not against the great weight and preponderance of the evidence.

■ In the light of the above disposition of Plaintiff-Appellant's third point, his second point of error becomes moot. As above stated, Plaintiff's second point asserted there was no evidence to support the jury's findings that the three Defendants were each and all innocent purchasers for value without notice. Since limitations never commenced to run in Plaintiff's favor, and his title thereby failed, it is immaterial whether Defendants were innocent purchasers for value or not, since Plaintiff had never repudiated the title of Jewett State Bank or of Defendants. Plaintiff's second point is therefore overruled as moot.

■ By his first point, Plaintiff-Appellant claims the trial court erred in overruling his motion for summary judgment. We overrule this point. It is well settled that in a situation as we have here, wherein one party moves for a summary judgment and the same is overruled, that the order overruling the summary judgment is interlocutory and nonappealable. See Miers v. Brouse (1954), 153 Tex. 511, 271 S.W. 2d 419; Wright v. Wright (1955), 154 Tex. 138, 274 S.W.2d 670; Tobin v. Garcia (1958), 159 Tex. 58, 316 S.W.2d 396; Ackermann v. Vordenbaum (Tex.Sup.Ct. 1966), 403 S.W.2d 362.

■ By his fourth and final point, Plaintiff-Appellant complains of improper jury argument on the part of counsel for Defendant-Appellees. Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure; Aultman v. Dallas Railway and Terminal Co. (1953), 152 Tex. 509, 260 S.W.2d 596. We have

carefully examined the record with this point of error in mind, and have determined that the error in such argument, if any there was, was not reasonably calculated to cause, and probably did not cause, the rendition of an improper judgment. Plaintiff-Appellant's fourth point is therefore overruled.

Finding no reversible error in the record, judgment of the trial court is accordingly affirmed.

Affirmed.