Alzora RUNNELS, Purley Runnels and Joseph L. Runnels, Appellants,

v.

Royal WHITFIELD, Appellee.

No. 8783.

Court of Civil Appeals of Texas, Texarkana.

Dec. 31, 1979.

Rehearing Denied Feb. 5, 1980.

John A. Buckley, East Texas Legal Services, Texarkana, for appellants.

Connor W. Patman, Texarkana, for appellee.

CORNELIUS, Chief Justice.

Mrs. Royal Whitfield, surviving widow of Hyder Whitfield, brought this trespass to try title suit against Alzora Runnels, Purley Runnels, John Runnels, Joseph Runnels and W. H. Runnels. Mrs. Whitfield was the record owner of the 6⅓ acre tract of land involved. The Runnels' claimed title by adverse possession.

The 6⅓ acre tract of land in dispute here is a part of a 101.6 acre tract originally owned by Wiley W. Whitfield and his wife, Susan. In 1939 the tract was partitioned among the heirs of Wiley and Susan Whitfield, with one 6⅓ acre parcel being awarded to Alzora Runnels and another 6⅓ acre parcel adjacent to it being awarded to Hyder Whitfield. In 1944 Mr. Whitfield died intestate, survived by his wife, Royal, and their only son, Maceo Whitfield. Maceo died intestate in 1971, survived only by his wife, Lillian Whitfield, who later deeded her interest in the Whitfield's 6⅓ acre tract to Mrs. Royal Whitfield. John L. Runnels, Joseph L. Runnels and W. H. Runnels are the sons of Alzora and Purley Runnels, and they challenged Mrs. Whitfield's title to the 6⅓ acre tract awarded to her husband on the grounds that their parents, Alzora and Purley Runnels, had matured title to the tract by adverse possession and then had deeded the property to them.

In a non-jury trial the court found record title in Mrs. Whitfield and failed to find that Alzora and Purley Runnels had used or possessed the land under circumstances sufficient to mature title thereto by adverse possession. Only Joseph Runnels and his parents, Alzora and Purley Runnels, have appealed from the judgment, and they have abandoned all of their points of error except the two which contend that the evidence is insufficient to support the trial court's findings of fact and conclusions of law that Alzora and Purley Runnels did not mature title to the land by adverse possession.

Appellants rely on the following evidence to support their claim of a limitations title: A common fence surrounds the 101.6 acre tract, although the individual parcels within that tract have not been separately fenced. John Runnels testified that he and Alzora had maintained and repaired the fence around the property every year since the partition in 1939. Several witnesses testified that Alzora and Purley Runnels lived on their 6⅓ acre tract, and used it, as well as the Whitfield property adjacent to their tract, for the occasional grazing of cattle. John Runnels testified that some crops had been grown on the property, but conceded that most of the property was covered with timber. He also testified that he posted the entire 101.6 acre tract against trespassers and stated that he had once run Mrs. Royal Whitfield off the property, but it was not clear whether the property he referred to was the Runnels house or the Whitfield property adjacent to it. The Runnels paid some taxes on the disputed property but not until after the lawsuit was filed.

The testimony most damaging to appellants' claim of adverse possession came from Purley Runnels herself. She testified that after the property was partitioned, Alzora looked after all of it for the other owners who had promised to pay him but never did. She also stated that to her knowledge neither John nor Alzora had ever chased Mrs. Whitfield off the property.

Because appellants had the burden to establish their alleged limitations title, they can successfully attack the trial court's findings only if the evidence conclusively established that the necessary adverse possession had been accomplished, or was such as to render a finding to the contrary so against the great weight and preponderance of the evidence as to be manifestly unjust. See Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 351 (1960).

A careful review of all the evidence reveals it to be overwhelmingly supportive of, rather than contrary to, the trial court's findings. The only evidence presented in appellants' behalf which could possibly be construed as a continuous use of the appellee's 6⅓ acre tract was testimony that Alzora Runnels grazed cattle on it. But the land was not enclosed, except together with the other parcels making up the entire 101.6 acre tract, and it is well settled that an adverse claimant who relies only upon cattle grazing as evidence of his adverse use must show that the land in dispute was designedly enclosed. *McDonnold v. Weinacht*, 465 S.W.2d 136 (Tex. 1971); *Orsborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 267 S.W.2d 781 (1954). The trial court also found that Alzora and Purley Runnels represented the record owners of the land after the partition in 1939 and looked after the land for them. Having begun their entry upon the disputed land with the permission of and as the representative of the record owners, their possession could not be considered adverse unless and until the relationship had been terminated and notice had been brought home to the owners that the possession had become adverse. *Killough v. Hinds*, 161 Tex. 178, 338

S.W.2d 707 (1960); *Cleveland v. Hensley*, 548 S.W.2d 473 (Tex.Civ.App. Texarkana 1977, no writ); 2 Tex.Jur.2d Adverse Possession § 20 (1959). Moreover, after a partition, one party's continued possession of a tract awarded to another is presumed to be permissive, similar to that of a grantor who remains in possession, and repudiation and notice are also required in that situation before the limitations statute will begin to run. *Texas Company v. Argo Oil Corporation*, 277 S.W.2d 308 (Tex.Civ.App. San Antonio 1955, writ ref'd n. r. e.). There was no evidence in this case of any such repudiation or notice. Although under certain circumstances long continued possession by the claimant coupled with a non-assertion of claim on the part of the record owner may be so notorious as to authorize the factfinder to infer repudiation and notice, the trial court here chose not to do so, and the evidence was certainly not such as would compel such an inference.

The judgment of the trial court is affirmed.