Nelson & McCleskey, Harold O. Harriger, Lubbock, for petitioner.

Calloway Huffaker and Harold Green, Tahoka, for respondent.

PER CURIAM.

The opinion of the. Court of Civil Appeals is published in 311 S.W.2d 733, 738.

Both parties filed applications for writs of error. The only error of law that we find in the opinion of the Court of Civil Appeals is in its statement of the rule governing the Court of Civil Appeals in passing upon the question of whether the answer of the jury to a special issue is against the overwhelming weight of the evidence. In passing upon that question the Court of Civil Appeals held that " * * * in order to test the sufficiency of the evidence to determine if it will support the jury findings, we must give credence only to the evidence and circumstances favorable to the findings and disregard all evidence to the contrary, indulging every legitimate conclusion which tends to uphold such findings." That holding is in direct conflict with a prior opinion and decision of this court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Had the point been brought forward in an application for writ of error, then it would have been our duty to remand the cause to the Court of Civil Appeals for the consideration of that question upon the correct rule of law. However, there is no point challenging the correctness of the rule followed by the Court of Civil Appeals, and we cannot, therefore, reverse that holding.

This memorandum is written to emphasize again to courts of civil appeals the correct rule of law to be applied in passing upon the above question.

Rowan GREEN, Petitioner,

v.

John T. VANCE et al., Respondents.

No. A–6847.

Supreme Court of Texas.

June 18, 1958.

peals passed on certain points that are not before us for consideration. Therefore the application is refused, no reversible error.

**Armond CHOATE et al., Petitioners,**

v.

Fields & Carroll, Port Lavaca, for petitioner.

John T. Vance, Callaway S. Vance, Cullen B. Vance, Edna, for respondents.

PER CURIAM.

We approve the principal holding of the Court of Civil Appeals in this case, 311 S.W.2d 738, namely, that a logical distinction is not to be drawn between a holding over after the execution of a deed and a holding over after the rendition of a judgment which is either adversary in nature or by consent. In other words, the continued possession of land after the rendition of a judgment divesting the one in possession of title and vesting it in another is not adverse until notice of a hostile claim is brought to the prevailing party as required by law.

An unqualified refusal of the application for writ of error cannot be given for the reason that the Court of Civil Ap-