Hearl WILLIAMS, Appellant,

v.

H. M. MARTIN et al., Appellees.

No. 7689.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 19, 1965.

Rehearing Denied Nov. 9, 1965.

J. Leonard Gotsdiner, Ranseler O. Wyatt, Houston, for appellant.

Joyce Cox, James A. Pakenham, Fountain, Cox & Gaines, Houston, for appellees.

FANNING, Justice.

Plaintiffs-appellees H. M. Martin, Cleveland Davis, Floyd Enlow, J. E. Carradine and H. P. Melton, brought an action in trespass to try title against appellant Hearl Williams, to recover title and possession of 300 acres of land in Brazoria County, Texas. Plaintiffs-appellees claimed to be the record owners of the lands here involved in a 1941 agreed judgment entered by Brazoria County District Court involving plaintiffs-appellees' predecessors in title and this same defendant-appellant Hearl Williams. Defendant-appellant Hearl Williams in the suit at bar plead not guilty and the three and ten year Statutes of Limitations. The land here in controversy is a portion of the same lands awarded to plaintiffs-appellees' predecessors in title by such agreed judgment of 1941. It is uncontroverted that defendant-appellant Hearl Williams remained in possession of a small portion of the said 300 acres after said 1941 judgment.

Trial was to the court with the aid of a jury. Defendant's motion for instructed verdict was overruled by the trial court. Special issues 1, 2 and 3 and the jury's responses thereto were as follows:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that in the year 1943 the defendant, Hearl Williams, gave oral notice to plaintiff H. M. Martin that he was repudiating his tenancy and claiming the land in question as his own?

"ANSWER: 'We do' or 'We do not.'

ANSWER: We do not.

"SPECIAL ISSUE NO. 2

"Do you find from a preponderance of the evidence that the defendant, Hearl Williams, asserted adverse possession, if any, between the year 1943 and August 17, 1956, to the property

in controversy against the plaintiffs such as was and is of such unequivocal notoriety that plaintiffs would be presumed to have notice of such adverse possession?

"ANSWER 'WE DO' OR 'WE DO NOT'

ANSWER: We do.

"If you have answered either Special Issue No. 1 or Special Issue No. 2 'We do,' and only in such event, then answer:

"SPECIAL ISSUE NO. 3

"Do you find from a preponderance of the evidence that Hearl Williams held exclusive, peaceable and adverse possession of the land in controversy in this suit, cultivating, using or enjoying the same for any consecutive period of ten years between 1942 and August 27th, 1956?

"ANSWER 'WE DO' OR 'WE DO NOT'

ANSWER: We do not."

Based upon the verdict of the jury the trial court entered judgment that plaintiffs recover the land sued for. Defendant's motion for judgment n. o. v. was overruled by the trial court. Defendant's amended motion for new trial was overruled by operation of law. The defendant-appellant Hearl Williams has appealed.

Appellant presents 20 points on appeal. Appellant contends to the effect, among other things, that the trial court erred in rendering judgment because of an irreconcilable conflict in the answers of the jury to special issues 2 and 3 that the trial court further erred in overruling defendant's motion for instructed verdict, in submitting special issues to the jury, in admitting various plaintiffs' exhibits into evidence, and appellant makes other contentions.

In 1941, plaintiffs-appellees' predecessors in title were involved in litigation over a tract of some 552.5 acres of land. Defendants in that suit were Hearl Williams (defendant-appellant in the suit at bar) and other named defendants. Agreed judgment was entered in that cause (cause No. 20,-469) in the District Court of Brazoria County, Texas, on March 1, 1941. Said judgment was introduced in evidence as plaintiffs' exhibit 1 and plaintiffs' exhibit 2 is a certified and recorded copy of the said same judgment. Such 1941 judgment awarded the plaintiffs therein all of the land involved except 175 acres off of the western side thereof. The 175 acre tract was awarded in said agreed judgment to Hearl Williams and other named defendants and this 175 acre tract is not involved in the present suit at bar. Of the 377½ acres thus awarded to the plaintiffs in said 1941 judgment, 77½ acres were thereafter conveyed to parties not involved in the present suit. The residue tract of 300 acres is the land here involved. It is uncontroverted that at the time of the said 1941 judgment the said appellant herein, Hearl Williams, was in possession of a small portion of such tract.

■ Upon the entry of the 1941 agreed judgment above referred to, the defendant Hearl Williams, having been in possession of a portion of the 300 acre tract and remaining so, became the permissive tenant or tenant at sufferance of the plaintiffs' predecessors in title. Sweeten v. Park, 154 Tex. 266, 276 S.W.2d 794 (1955), affirming Park v. Sweeten, Tex.Civ.App., 270 S.W.2d 687 (1954); Green v. Vance, Tex.Civ.App., 311 S.W.2d 738 (1958), opinion approved in this respect by the Supreme Court in Green v. Vance, 158 Tex. 550, 314 S.W.2d 794 (1958).

■ By a regular chain of conveyances subsequent to the above referred to 1941 judgment, the plaintiffs-appellees in the suit at bar succeeded in interest and are the present record owners of the land involved herein. As such successors in interest they became in law, the landlord of Hearl Williams, their permissive tenant or tenant at

sufferance. Sweeten v. Park, supra and Green v. Vance, supra.

As a general rule (with certain exceptions hereinafter stated), a tenant is not permitted to dispute the title of his landlord. This is a rule of estoppel. In Tyler v. Davis, 61 Tex. 674 (1884) it is stated in part as follows:

"That, as a general rule, a tenant cannot dispute his landlord's title, is well established and universally admitted, and neither citation of authority, nor discussion of the principle upon which it rests, is at all necessary; since it has been recognized at law for so great a length of time. It is applied as well in suits for rent as in those for the recovery of possession. In the action of ejectment it has always been held sufficient for a landlord who is suing his tenant to produce his lease, and that estoppel closes the mouth of the defendant to call his title in question. Jackson v. McLeod, 12 Johns. (N.Y.) 182. Our action of trespass to try title, whilst it abolishes the forms and fictions of ejectment, preserves most of its substantial principles, and this amongst others. *Whilst the plaintiff must go back to the government or to a common source in other cases, yet, as to one estopped to deny his title, it is enough that he establishes the facts upon which the estoppel is supported.*" Emphasis added.

There are exceptions to the general rule above stated, one of which is that a tenant of one who has no title may acquire the superior title and show title in himself in defense of a suit of trespass brought against him by his lessor. Another exception is that one who by mistake or through fraud is induced to become the tenant of another is not estopped to deny the title of his landlord. Richardson v. Houston Oil Co. of Texas, Tex.Civ.App., 176 S.W. 628, writ refused (1915). However none of the exceptions to the general rule are shown by the facts in the case at bar.

Under the facts in the case at bar the defendant-appellant Hearl Williams was a permissive tenant or tenant at sufferance of plaintiffs, he had no record title to the property in litigation, he acquired no superior title (if there was any), but wholly depended upon the 10 year Statute of Limitation for his claim. It is stated in Green v. Vance, 158 Tex. 550, 314 S.W.2d 794 (1958) that " * * * the continued possession of land after the rendition of a judgment divesting the one in possession of title and vesting it in another is not adverse until notice of a hostile claim is brought to the prevailing party as required by law."

One holding over after divesting himself of title to real property is considered to be a tenant at sufferance of the prevailing party, and his possession is presumed to be in subordination to the true owner and does not become adverse until notice of the hostile claim is brought home to the owner as required by law. Park v. Sweeten, supra. And where the occupier of land who has been a permissive tenant seeks to claim title by adverse possession, the burden is on him to show the repudiation of the permissive tenancy. Park v. Sweeten, supra.

In answer to special issue No. 3 the jury found that the defendant-appellant Hearl Williams did *not* have adverse possession of the land in question for any period of 10 consecutive years from 1943 to 1956. The defendant-appellant thus failed to sustain the burden cast upon him to prove his limitation title and he attempted to show no other character of title. We have carefully examined the Statement of Facts and find that the evidence certainly does not establish a limitation title as a matter of law for defendant-appellant but instead the evidence is amply sufficient to support a conclusion to the contrary. The trial court correctly overruled defendant's motion for instructed verdict and correct-

ly submitted the special issues to the jury. Appellant's 9th and 12th points are overruled.

The trial court did not err in admitting into evidence plaintiffs' exhibits 1 and 2 (original and recorded copy of the 1941 judgment.) Also the abstract of title filed by appellees covering from the 1941 judgment to title in them was sufficient to show a prima facie title in them which their permissive tenant, the defendant-appellant, was estopped to successfully dispute under the record in this case as hereinbefore shown. Appellant's various contentions under his 2nd point are overruled.

Appellant by his first point contends that "the court erred in rendering judgment on the jury verdict as the answers to the special issues Nos. 2 and 3 were in irreconcilable conflict." The special issues and the answers thereto have been heretofore set out. Defendant-appellant testified that in 1943 he told plaintiff Martin that he was claiming the land in question as his own. Mr. Martin testified that this was not true. The jury evidently believed Mr. Martin's testimony in this respect and rejected that of defendant-appellant in this respect for, in answer to special issue No. 1, the jury found that the defendant-appellant did not, in 1943, give oral notice to Mr. Martin that he was repudiating his tenancy and claiming the land in question as his own. In answer to issue No. 2 the jury merely found to the effect that the defendant had adverse possession of the land at some time during the period mentioned and that it was sufficient to presume that plaintiffs had notice. However, the issue did not inquire, and the jury necessarily could not answer, as to when the defendant had or began such adverse possession. In answer to Issue No. 3, the jury found to the effect that the defendant did not have adverse possession for any period of ten consecutive years within the period stated in the issue.

It is our view that the answers of the jury to issues 2 and 3 are in harmony, and can lead only to the conclusion that the jury found the defendant's adverse possession began at some time less than ten years prior to August 27th, 1956.

In Angelina County Lumber Company v. Reinhardt et ux., Tex.Civ.App., 285 S.W.2d 446, wr. ref., n. r. e. (1956), a somewhat similar situation was involved. There, as in the case at bar, a tenancy relationship existed and the tenants sought to claim the land by adverse possession. In that case, the tenant plaintiffs, to show repudiation, had some testimony to the effect that they had cut and removed timber in October, 1932, and that defendant's agent had knowledge of the same at that time. In answer to special issues, the jury found: (1) That Plaintiffs repudiated their status as tenants. (2) That they did so in October of 1932. (3) That such repudiation was made known to the owner of the land. (4) That this occurred in October of 1936. (5) That plaintiffs "had exclusive, peaceable and adverse possession of the land" for ten consecutive years between November 11, 1918, and January 1, 1946. (6) That "such adverse possession" commenced in October, 1932, and continued to January, 1946.

In the jury verdict in the Angelina County Lumber Company v. Reinhardt case above referred to, it was found that "adverse possession" had begun in October, 1932, *but that notice of repudiation had not been given until October, 1936.* Of course, as held in Park v. Sweeten, supra, for a permissive tenant to start the Statute of Limitation running he must repudiate the tenancy and give notice or presumption of notice to the owner. In resolving the question as to alleged conflict in the jury findings, the court in Angelina County Lumber Company v. Reinhardt, supra (285 S.W.2d 446), at p. 452, stated:

"The issues must be construed together and in the light of the record as a whole; and when they are so construed, we think the supposed conflict is more apparent than real. The jury was not instructed as to the meaning of

repudiation, and was not told that there could be no repudiation or adverse claim without notice. Furthermore, whether rightly so or not, the charge of the court, to which no objection was urged, treated repudiation and notice of repudiation as two distinct elements, and we think the jury was authorized to so consider them. From the jury's viewpoint, therefore, there could have been no inconsistency between their conclusion that the cutting and removal of the timber amounted in law to an act of repudiation and their finding that knowledge of such act was not visited on the owner of the land until four years later. We are further of the opinion that from the jury's viewpoint there was no inconsistency between their finding that plaintiffs' possession became adverse in October of 1932 and their finding that notice of repudiation of the tenancy relationship was not given until four years later. They evidently attached significance to the timber cutting, but they had not been instructed that notice of repudiation was a prerequisite to plaintiffs' possession becoming adverse; and their finding of adverse possession was otherwise consistent with the evidence and the court's charge. We are of the opinion, therefore, that when the findings are appraised in the light of the manner in which the case was submitted to the jury and in the light of the record as a whole they are not in irreconcilable conflict."

We are of the opinion, that when the findings of the jury are appraised in the light of the manner in which the case was submitted to the jury and the light of the record as a whole, the answers of the jury to special issues 2 and 3 are not in irreconcilable conflict. Appellant's first point is overruled.

 We also hold that plaintiffs-appellees sufficiently proved up their title by introducing in evidence the 1941 agreed judgment in question and the chain of subsequent conveyances to them by their predecessors in title, as shown by the record, and that appellant as permissive or tenant at sufferance of appellees, by virtue of the 1941 agreed judgment, was estopped to contend that his landlord, appellees herein did not have title. Also the appellant failed to show any record title or superior title from any source, relied on a claim of limitation title alone, and under the record in this case failed to sustain the burden of proving a limitation title. Appellant's various contentions raising these questions are overruled.

Appellant's remaining points and contentions have been carefully considered, none of them are deemed as presenting reversible error, and the same are overruled.

The judgment of the trial court is affirmed.

Affirmed.