In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00190-CV
______________________________


HONLEY WITCHER AND ROY WITCHER, Appellants
Â 
V.
Â 
R. DARYLL BENNETT, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 4th Judicial District Court
Rusk County, Texas
Trial Court No. 2002-024


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Carter and Hadden,* JJ.
Opinion by Justice Carter


___________
*Roby Hadden, J., Sitting by Assignment


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â Honley Witcher and Roy Witcher (herein collectively the Witchers) appeal from the trial
court's granting of R. Daryll Bennett's motion for summary judgment, which rejected the trespass
to try title claims of the Witchers, awarded a permanent injunction against the Witchers from
entering onto the lands in controversy, and awarded attorney's fees to Bennett.
Â Â Â Â Â Â Â Â Â Â Â Â The Witchers raise four issues on appeal. They argue the trial court erred in 1) awarding
attorney's fees to Bennett due to lack of authorization under the law, 2) awarding summary judgment
on attorney's fees due to the existence of a fact issue concerning attorney's fees, 3) granting Bennett's
motion for summary judgment disposing of Honley Witcher's claim of adverse possession because
an issue of fact existed as to whether Honley Witcher had matured title under the ten-year statute of
limitations,


 and 4) granting a permanent injunction to Bennett. On appeal, Bennett has waived any
and all claims for attorney's fees associated with the motion for summary judgment. Therefore, we
will only address the Witchers' third and fourth points of error.
Â Â Â Â Â Â Â Â Â Â Â Â In 1985, Honley Witcher constructed a pond on the disputed tract of land in Rusk County,
Texas, comprising approximately sixty-four acres. The disputed tract is adjacent to the land on
which Honley Witcher's home is located. In 1987, a judgment in trespass to try title was taken
against Honely Witcher concerning the disputed tract. Despite the judgment, Honley Witcher
remained in possession of the land. In 1989, a default judgment was granted in another suit brought
by a new owner of the record title of the same land, which included a permanent injunction
prohibiting Honley Witcher from entering the property. Honley Witcher continued to possess the
disputed land. 
Â Â Â Â Â Â Â Â Â Â Â Â In their answers to interrogatories, the Witchers claim that, during this time, Honley Witcher
and Roy Witcher, at Honley Witcher's direction, grazed livestock, built and maintained fences,
fertilized, harvested hay, constructed a pond, and paid taxes on the disputed property. Philip Hobbs,
a neighbor of Honley Witcher, testified that Honley Witcher has grazed his livestock and harvested
hay from the land for "a period of at least 15 years and, perhaps, 20 years." Both Roy Witcher and
Honley Witcher admit in their answers to the interrogatories they never told the record owners that
Honley Witcher claimed ownership of the land.
Â Â Â Â Â Â Â Â Â Â Â Â Honley Witcher also claimed that it "is well known in the community that the land belongs
to me." Terry McAllister and Hobbs assert that Honley Witcher has been in continuous possession
of the land to the exclusion of all other persons since before 1989 and at all times has represented
he owned the said land. In his answers to the interrogatories, Roy Witcher asserts that, during early
January of 2001, he ordered Warren Mangnall, the record owner of the property at that time, off the
property. When Mangnall refused to leave, Roy Witcher called the sheriff, who escorted Mangnall
from the property. 
Â Â Â Â Â Â Â Â Â Â Â Â On January 11, 2002, Bennett acquired title to the disputed tract. Bennett filed the current
suit on January 18, 2002, against Honley Witcher and his son, Roy Witcher, to permanently enjoin
them from entering on the land. The Witchers filed a counterclaim in trespass to try title, alleging
Honley Witcher had acquired record title by adverse possession. Bennett filed a motion for summary
judgment alleging he could disprove that the Witchers failed to provide any "actual notice or
unequivocal and notorious actions," which repudiated the tenancy at sufferance or in the alternative
provided any repudiation before January 18, 1992. On October 7, 2002, the trial court granted
Bennett's motion for summary judgment, which rejected the trespass to try title claim of the
Witchers, awarded a permanent injunction against the Witchers from entering onto the land in
controversy, and awarded attorney's fees in the amount of $6,500.00, plus interest, to Bennett.
Â Â Â Â Â Â Â Â Â Â Â Â To prevail on a motion for summary judgment, a movant must establish that there is no
genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
Summary judgment for a defendant is proper when the defendant negates at least one element of each
of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an
affirmative defense. Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 
Â Â Â Â Â Â Â Â Â Â Â Â In reviewing a summary judgment, we accept all the nonmovant's proof as true and indulge
every reasonable inference in the nonmovant's favor. Martinez, 941 S.W.2d at 911. All doubts
about the existence of a genuine issue of a material fact must be resolved against the movant. 
Johnson County Sheriff's Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex. 1996). A movant must
establish his or her entitlement to a summary judgment on the issues expressly presented to the trial
court. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671 (Tex. 1979); Christensen v.
Sherwood Ins. Servs., 758 S.W.2d 801, 803 (Tex. App.âTexarkana 1988, writ denied).
Â Â Â Â Â Â Â Â Â Â Â Â The Witchers concede Bennett possesses record title to the tract in controversy. The
Witchers also concede Honley Witcher continued in possession after the 1987 judgment as a tenant
at sufferance. Rather, the Witchers argue that summary judgment was inappropriate because Bennett
had not conclusively established the lack of constructive notice of repudiation of the tenancy at
sufferance.
Â Â Â Â Â Â Â Â Â Â Â Â A party that holds over after an adverse judgment has been rendered against it is merely a
permissive tenant, or a tenant at sufferance. Tex-Wis Co. v. Johnson, 534 S.W.2d 895, 899 (Tex.
1976); Williams v. Martin, 395 S.W.2d 714, 717 (Tex. Civ. App.âTexarkana 1965, writ ref'd n.r.e.). 
Consequently, before the tenant can begin to adversely possess the land, he or she must repudiate
the tenancy. Tex-Wis Co., 534 S.W.2d at 899; Williams, 395 S.W.2d at 717; Angelina County
Lumber Co. v. Reinhardt, 285 S.W.2d 446, 447 (Tex. Civ. App.âBeaumont 1955, writ ref'd n.r.e.). 
However, the Texas Supreme Court has held that actual notice is not required. Tex-Wis Co., 534
S.W.2d at 899. Adopting the reasoning of the Galveston Court of Civil Appeals, the Texas Supreme
Court held that:
Such notice may be constructive and will be presumed to have been brought home
to the co-tenant or owner when the adverse occupancy and claim of title to the
property is so long-continued, open, notorious, exclusive and inconsistent with the
existence of title in others, except the occupant, that the law will raise the inference
of notice to the co-tenant or owner out of possession, or from which a jury might
rightfully presume such notice. It is held that repudiation of the claim of a co-tenant
and notice thereof may be shown by circumstances and that a jury may infer such
facts from long continued possession of the land under claim of ownership and
non-assertion of claim by the owners.

Id. (emphasis in original) (quoting Mauritz v. Thatcher, 140 S.W.2d 303, 304 (Tex. Civ.
App.âGalveston 1940, writ ref'd)); accord Natural Gas Pipeline Co. of Am. v. Pool, 40 Tex. Sup.
Ct. J. 1077, 2003 Tex. LEXIS 246 (Tex. Aug. 28, 2003). Constructive notice can be established by
(1) long-continued possession, or (2) change in the use or character of possession of the land. Tex-Wis Co., 534 S.W.2d at 901. 
Â Â Â Â Â Â Â Â Â Â Â Â The Witchers argue that constructive notice was established through long-continued
possession, giving rise to a fact issue for the jury. The Texas Supreme Court has held that
constructive notice could be established by "(1) long-continued possession under claim of ownership
and (2) nonassertion of claim by the titleholder." Id. The Texas Supreme Court further noted that
"we make no attempt to set out any precise test for determining 'long-continued' possession. The
number of years required may vary according to the circumstances of the particular case." Id. at 902;
accord Woodrow v. Henderson, 783 S.W.2d 281, 285 (Tex. App.âTexarkana 1989, no writ). 
Â Â Â Â Â Â Â Â Â Â Â Â Â The last judgment prohibiting the Witchers from entering the property was granted on
AprilÂ 13, 1989. Bennett filed this suit on January 18, 2002. Therefore, in order to acquire title by
adverse possession under the ten-year statute, the Witchers must have given constructive notice after
April 13, 1989 and before January 18, 1992. Bennett argues that a period of two years and nine
months is insufficient as a matter of law to entitle the Witchers to establish constructive notice of
the permissive tenancy by "long-continued" possession. In Sweeten v. Park, 154 Tex. 266, 276
S.W.2d 794, 798 (1955), the Texas Supreme Court affirmed the Court of Appeals' decision that three
years and seven months was insufficient to establish long-continued possession as a matter of law. 
While in general whether constructive notice has been given is a fact issue,


 Sweeten indicates that
a period of less than three years and seven months is insufficient as a matter of law.


 Honley Witcher
only possessed the land two years and nine months after the second adverse judgment. Based on
Sweeten, we hold that the Witchers did not repudiate the tenancy at sufferance due to long-continued
possession as a matter of law.
Â Â Â Â Â Â Â Â Â Â Â Â In their fourth point of error, the Witchers argue that, if we find that a fact issue existed
concerning whether Honley had acquired title by adverse possession, the trial court erred in granting
the permanent injunction. Because we have held that the Witchers did not repudiate the tenancy at
sufferance by Honley Witcher's "long-continued" possession as a matter of law, there is no need to
address their fourth point of error.
Â Â Â Â Â Â Â Â Â Â Â Â Since Bennett has waived any and all claims to attorney's fees associated with the summary
judgment, we reverse the trial court's award of attorney's fees and render a take-nothing judgment
for attorney's fees. We affirm the remainder of the trial court's judgment.
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â October 2, 2003
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â November 14, 2003



.htm") eh1;
 mso-header:url("6-11-038-CR%20Hendricks%20v.%20State%20FINAL%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-038-CR%20Hendricks%20v.%20State%20FINAL%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-038-CR%20Hendricks%20v.%20State%20FINAL%20mtd_files/header.htm") f2;
 mso-first-header:url("6-11-038-CR%20Hendricks%20v.%20State%20FINAL%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-038-CR%20Hendricks%20v.%20State%20FINAL%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00038-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  EDWIN JEFFREY HENDRICKS,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 354th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hunt County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 23,799

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Edwin
Jeffrey Hendricks attempts to appeal his revocation of community
supervision.Â  Counsel represents to this
Court that Hendricks was sentenced December 27, 2010, that no timely motion for
new trial was filed, and that the notice of appeal was mailed to the trial
court clerk February 17, 2011.

Â Â Â Â Â Â Â Â Â Â Â  A
late notice of appeal invokes the appellate courtÂs jurisdiction only if (1) it
is filed within fifteen days of the last day allowed for filing, (2) a motion
for extension of time is filed in the court of appeals within fifteen days of
the last day allowed for filing the notice of appeal, and (3) the court of
appeals grants the motion for extension of time.Â  Olivo
v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996).Â  Further, when a notice of appeal is filed
within the fifteen-day period but no timely motion for extension of time is
filed, the appellate court lacks jurisdiction.Â 
Id. at 522 (citing Rodarte v. State, 860 S.W.2d 108 (Tex.
Crim. App. 1993)).

Â Â Â Â Â Â Â Â Â Â Â  The
Texas Court of Criminal Appeals interprets Rule 26.3 of the Texas Rules of
Appellate Procedure strictly to require an appellant in a criminal case to file
his or her notice of appeal and a motion for extension within the fifteen-day
period for filing a late notice of appeal.Â 
Id. at 522Â26; see Tex.
R. App. P. 26.3.Â  The Texas Court
of Criminal Appeals has expressly held that without a timely-filed notice of
appeal or motion for extension of time, we cannot exercise jurisdiction over an
appeal.Â  See Olivo, 918 S.W.2d at 522; see
also Slaton v. State, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998).Â  

Â Â Â Â Â Â Â Â Â Â Â  Hendricks
has now filed a motion to extend time with this Court to file his notice of
appeal..Â  That motion was placed in the
mail on February 17, 2011, past the fifteen-day extension window allowed for
motions to extend time to file notices of appeal.Â  Tex.
R. App. P. 26.2(1).Â  We overrule
the motion as untimely filed.

Â Â Â Â Â Â Â Â Â Â Â  This
appeal is untimely brought, and we are without jurisdiction to hear this case.

Â Â Â Â Â Â Â Â Â Â Â  We
dismiss this appeal for want of jurisdiction.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  February
28, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  March
1, 2011

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â