**Honley WITCHER and Roy Witcher, Appellants,**

v.

**R. Daryll BENNETT, Appellee.**

No. 06–02–00190–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 2, 2003.

Decided Nov. 14, 2003.

Rehearing Overruled Dec. 9, 2003.

Bailey C. Moseley, Marshall, for appellant.

Kathryn B. Moon, Longview, for appellee.

Before MORRISS, C.J., CARTER and HADDEN,* JJ.

## OPINION

Opinion by Justice CARTER.

Honley Witcher and Roy Witcher (herein collectively the Witchers) appeal from the trial court's granting of R. Daryll Bennett's motion for summary judgment, which rejected the trespass to try title claims of the Witchers, awarded a permanent injunction against the Witchers from entering onto the lands in controversy, and awarded attorney's fees to Bennett.

The Witchers raise four issues on appeal. They argue the trial court erred in 1) awarding attorney's fees to Bennett due to lack of authorization under the law, 2) awarding summary judgment on attorney's fees due to the existence of a fact issue concerning attorney's fees, 3) granting Bennett's motion for summary judgment disposing of Honley Witcher's claim of adverse possession because an issue of fact existed as to whether Honley Witcher had matured title under the ten-year statute of limitations,[1] and 4) granting a permanent injunction to Bennett. On appeal, Bennett has waived any and all claims for attorney's fees associated with the motion for summary judgment. Therefore, we will only address the Witchers' third and fourth points of error.

In 1985, Honley Witcher constructed a pond on the disputed tract of land in Rusk County, Texas, comprising approximately sixty-four acres. The disputed tract is adjacent to the land on which Honley Witcher's home is located. In 1987, a judgment in trespass to try title was taken against Honley Witcher concerning the disputed tract. Despite the judgment, Honley Witcher remained in possession of the land. In 1989, a default judgment was granted in another suit brought by a new owner of the record title of the same land, which included a permanent injunction prohibiting Honley Witcher from entering the property. Honley Witcher continued to possess the disputed land.

In their answers to interrogatories, the Witchers claim that, during this time, Honley Witcher and Roy Witcher, at Honley Witcher's direction, grazed livestock, built and maintained fences, fertilized, harvested hay, constructed a pond, and paid taxes on the disputed property. Philip Hobbs, a neighbor of Honley Witcher, testified that Honley Witcher has grazed his livestock and harvested hay from the land for "a period of at least 15 years and, perhaps, 20 years." Both Roy Witcher and Honley Witcher admit in their answers to the interrogatories they never told the record owners that Honley Witcher claimed ownership of the land.

Honley Witcher also claimed that it "is well known in the community that the land belongs to me." Terry McAllister and Hobbs assert that Honley Witcher has been in continuous possession of the land to the exclusion of all other persons since before 1989 and at all times has represented he owned the said land. In his answers to the interrogatories, Roy Witcher asserts that, during early January of 2001, he ordered Warren Mangnall, the record owner of the property at that time, off the

---

* Roby Hadden, J., Sitting by Assignment.

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.026 (Vernon 2002).

property. When Mangnall refused to leave, Roy Witcher called the sheriff, who escorted Mangnall from the property.

On January 11, 2002, Bennett acquired title to the disputed tract. Bennett filed the current suit on January 18, 2002, against Honley Witcher and his son, Roy Witcher, to permanently enjoin them from entering on the land. The Witchers filed a counterclaim in trespass to try title, alleging Honley Witcher had acquired record title by adverse possession. Bennett filed a motion for summary judgment alleging he could disprove that the Witchers failed to provide any "actual notice or unequivocal and notorious actions," which repudiated the tenancy at sufferance or in the alternative provided any repudiation before January 18, 1992. On October 7, 2002, the trial court granted Bennett's motion for summary judgment, which rejected the trespass to try title claim of the Witchers, awarded a permanent injunction against the Witchers from entering onto the land in controversy, and awarded attorney's fees in the amount of $6,500.00, plus interest, to Bennett.

To prevail on a motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex.1985). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.1997).

In reviewing a summary judgment, we accept all the nonmovant's proof as true and indulge every reasonable inference in the nonmovant's favor. Martinez, 941 S.W.2d at 911. All doubts about the existence of a genuine issue of a material fact

must be resolved against the movant. Johnson County Sheriff's Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex.1996). A movant must establish his or her entitlement to a summary judgment on the issues expressly presented to the trial court. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671 (Tex.1979); Christensen v. Sherwood Ins. Servs., 758 S.W.2d 801, 803 (Tex.App.-Texarkana 1988, writ denied).

■ The Witchers concede Bennett possesses record title to the tract in controversy. The Witchers also concede Honley Witcher continued in possession after the 1987 judgment as a tenant at sufferance. Rather, the Witchers argue that summary judgment was inappropriate because Bennett had not conclusively established the lack of constructive notice of repudiation of the tenancy at sufferance.

■ A party that holds over after an adverse judgment has been rendered against it is merely a permissive tenant, or a tenant at sufferance. Tex–Wis Co. v. Johnson, 534 S.W.2d 895, 899 (Tex.1976); Williams v. Martin, 395 S.W.2d 714, 717 (Tex.Civ.App.-Texarkana 1965, writ ref'd n.r.e.). Consequently, before the tenant can begin to adversely possess the land, he or she must repudiate the tenancy. Tex–Wis Co., 534 S.W.2d at 899; Williams, 395 S.W.2d at 717; Angelina County Lumber Co. v. Reinhardt, 285 S.W.2d 446, 447 (Tex.Civ.App.-Beaumont 1955, writ ref'd n.r.e.). However, the Texas Supreme Court has held that actual notice is not required. Tex–Wis Co., 534 S.W.2d at 899. Adopting the reasoning of the Galveston Court of Civil Appeals, the Texas Supreme Court held that:

Such notice may be constructive and will be presumed to have been brought home to the co-tenant or owner when the adverse occupancy and claim of title to the property is so long-continued, open, no-

torious, exclusive and inconsistent with the existence of title in others, except the occupant, that the law will raise the inference of notice to the co-tenant or owner out of possession, or from which a jury might rightfully presume such notice. *It is held that repudiation of the claim of a co-tenant and notice thereof may be shown by circumstances and that a jury may infer such facts from long continued possession of the land under claim of ownership and non-assertion of claim by the owners.*

*Id.* (emphasis in original) (quoting *Mauritz v. Thatcher,* 140 S.W.2d 303, 304 (Tex.Civ. App.-Galveston 1940, writ ref'd)); *accord Natural Gas Pipeline Co. of Am. v. Pool,* 120 S.W.3d 317 (Tex.2003). Constructive notice can be established by (1) long-continued possession, or (2) change in the use or character of possession of the land. *Tex–Wis Co.,* 534 S.W.2d at 901.

The Witchers argue that constructive notice was established through long-continued possession, giving rise to a fact issue for the jury. The Texas Supreme Court has held that constructive notice could be established by "(1) long-continued possession under claim of ownership and (2) nonassertion of claim by the titleholder." *Id.* The Texas Supreme Court further noted that "we make no attempt to set out any precise test for determining 'long-continued' possession. The number of years required may vary according to the circumstances of the particular case." *Id.* at 902; *accord Woodrow v. Henderson,* 783 S.W.2d 281, 285 (Tex.App.-Texarkana 1989, no writ).

The last judgment prohibiting the Witchers from entering the property was granted on April 13, 1989. Bennett filed this suit on January 18, 2002. Therefore, in order to acquire title by adverse possession under the ten-year statute, the Witchers must have given constructive notice after April 13, 1989 and before January 18, 1992. Bennett argues that a period of two years and nine months is insufficient as a matter of law to entitle the Witchers to establish constructive notice of the permissive tenancy by "long-continued" possession. In *Sweeten v. Park,* 154 Tex. 266, 276 S.W.2d 794, 798 (1955), the Texas Supreme Court affirmed the Court of Appeals' decision that three years and seven months was insufficient to establish long-continued possession as a matter of law. While in general whether constructive notice has been given is a fact issue,[2] *Sweeten* indicates that a period of less than three years and seven months is insufficient as a matter of law.[3] Honley Witcher only possessed the land two years and nine months

---

**2.** *Tex–Wis Co. v. Johnson,* 534 S.W.2d 895, 901 (Tex.1976); *see Woodrow v. Henderson,* 783 S.W.2d 281, 285 (Tex.App.-Texarkana 1989, no writ); *see also King Ranch, Inc. v. Chapman,* 118 S.W.3d 742 (Tex.2003).

**3.** *Sweeten v. Park,* 154 Tex. 266, 276 S.W.2d 794, 798 (1955). We note that *Sweeten* was limited to 1) when the grantor retained possession of land after executing a deed thereto, or 2) when both parties consented to the judgment. *Id.* at 796. *Sweeten* specifically did not rule on when a party held over after an adverse judgment. *Id.* The Houston Court of Civil Appeals has held that there is no logical distinction between a consent judgment and an adverse judgment and applied the reasoning of *Sweeten* to repudiation of a tenancy at sufferance after an adverse judgment. *Green v. Vance,* 311 S.W.2d 738, 740 (Tex.Civ.App.-Houston 1958), *writ ref'd n.r.e.,* 158 Tex. 550, 314 S.W.2d 794 (1958) (per curiam). In refusing writ, the Texas Supreme Court agreed with the Houston court that no distinction exists between a party holding over after a judgment based on the consent of the parties or a judgment based on adverse proceedings. *Green,* 158 Tex. 550, 314 S.W.2d 794.

after the second adverse judgment. Based on *Sweeten*, we hold that the Witchers did not repudiate the tenancy at sufferance due to long-continued possession as a matter of law.

In their fourth point of error, the Witchers argue that, if we find that a fact issue existed concerning whether Honley had acquired title by adverse possession, the trial court erred in granting the permanent injunction. Because we have held that the Witchers did not repudiate the tenancy at sufferance by Honley Witcher's "long-continued" possession as a matter of law, there is no need to address their fourth point of error.

Since Bennett has waived any and all claims to attorney's fees associated with the summary judgment, we reverse the trial court's award of attorney's fees and render a take-nothing judgment for attorney's fees. We affirm the remainder of the trial court's judgment.