In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00025-CV
______________________________


PANOLA COUNTY FRESH WATER SUPPLY 
DISTRICT NUMBER ONE, ANGUS MIMS, and
MACK BASSETT, Appellants
Â 
V.
Â 
PANOLA COUNTY APPRAISAL DISTRICT AND
PANOLA COUNTY APPRAISAL REVIEW BOARD, Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 123rd Judicial District Court
Panola County, Texas
Trial Court No. 1998-A-135


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Panola County Fresh Water Supply District Number One, Angus Mims, and Mack
Bassett, appellants, have filed a motion to dismiss their appeal. Pursuant to Tex. R. App.
P. 42.1, the motion is granted.
Â Â Â Â Â Â Â Â Â Â We dismiss the appeal.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â August 2, 2004
Date Decided:Â Â Â Â Â Â Â Â Â August 3, 2004





d
in the first suit. The Youngs responded that Pyles' claims were barred by res judicata. Following
a trial de novo, the county court at law rendered judgment (5) that the Youngs were awarded possession
of the following premises:

 ALL THAT CERTAIN lot, tract, or parcel of land situated in Hunt County, Texas,
being described as Lot 11 and Lot 12 of the 3rd Installment of the QUINLAN
NORTH subdivision, a subdivision of Hunt County, Texas, as shown of record at
Vol. 400, pg. 587, Plat Records Hunt County, Texas; said parcel containing 6.3311
acres of land more or less; together with all improvements located thereon,
specifically including the white 12x50 ft. mobile home; more commonly referred to
as 8822 PR 2289.


On or about February 15, 2007, the 354th Judicial District Court sitting for the Hunt County Court
at Law signed a "Reformed Final Judgment," which included the same property description.

Pyles Failed to Preserve Error Concerning Lack of Notice After the First Suit

 Pyles argues the Youngs failed to give him sufficient written notice under Sections 24.002
and 24.005 of the Texas Property Code. Under the Texas Property Code, a landlord must make a
statutorily sufficient written demand for possession. See Tex. Prop. Code Ann. Ç§Â 24.002, 24.005
(Vernon 2000); Kennedy v. Andover Place Apartments, 203 S.W.3d 495, 496 (Tex. App.--Houston
[14th Dist.] 2006, no pet.); see also AMC Mortg. Servs. v. Shields, No.Â 05-06-01194-CV, 2007 Tex.
App. LEXIS 3574 (Tex. App.--Dallas May 9, 2007, no pet.) (mem. op.). Although most of Pyles'
argument focuses on the notices given before the first suit, the argument could be interpreted as
claiming the Youngs were required to give another notice to vacate before filing the second suit. 

 By holding over after an adverse judgment had been rendered against him, Pyles became a
permissive tenant, or a tenant at sufferance. Tex-Wis Co. v. Johnson, 534 S.W.2d 895, 899 (Tex.
1976); Witcher v. Bennett, 120 S.W.3d 922, 924 (Tex. App.--Texarkana 2003, pet. denied). To the
extent Pyles' argument claims the Youngs provided insufficient notice to file the second suit, i.e.,
this forcible detainer suit, Pyles has failed to preserve error. Pyles has failed to direct this Court to
where in the record this issue was presented to the trial court. In order to preserve a complaint for
appellate review, a party must present to the trial court a timely request, objection, or motion "with
sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were
apparent from the context . . . ." Tex. R. App. P. 33.1(a)(1)(A). Pyles has failed to direct this Court
to where in the record he argued he was entitled to additional notice before the filing of the second
suit. In Pyles' "Counterpetition," Sections 24.005 and 24.002 are not cited, and Pyles merely alleges
the notices in the prior suit were insufficient. Because there is no reporter's record of the trial de
novo, there is no record of what arguments were made to the trial court. (6) This argument was not
raised in any of the post-trial hearings for which we do have a reporter's record. Even if Pyles was
entitled to additional notice before the filing of the second suit, the error is not preserved for our
review. See Tex. R. App. P. 33.1.

Res Judicata Bars Pyles From Relitigating the Notice Issues Which Should Have Been Raised
in the First Suit


 To the extent Pyles argues the Youngs provided insufficient notice before the first suit, Pyles'
claims are barred by res judicata. Throughout his brief, Pyles argues the notices provided by the
Youngs in 2003 and 2004 are inadequate because they were mailed to an incorrect address. Pyles
argues the foreclosure notices were insufficient under the Texas Property Code, citing Sections
24.002, 24.005, and 51.002. See Tex. Prop. Code Ann. Ç§ 24.002, 24.005, 51.002 (Vernon Supp.
2007). According to Pyles, the Youngs committed fraud on the district court by alleging all proper
notices had been given. The Youngs respond that the doctrine of res judicata prohibits Pyles from
raising the sufficiency of the foreclosure notices in the first suit. (7)

 Res judicata, also known as claim preclusion, prevents the relitigation of a finally-adjudicated
claim and related matters that should have been litigated in a prior suit. Barr v. Resolution Trust
Corp., 837 S.W.2d 627, 628 (Tex. 1992). Texas follows the transactional approach to res judicata. 
Id. at 630. This approach mandates that a defendant bring as a counterclaim any claim arising out
of the transaction or occurrence that is the subject matter of the opposing party's suit. State & County
Mut. Fire Ins. Co. v. Miller, 52 S.W.3d 693, 696 (Tex. 2001); Barr, 837 S.W.2d at 630. It requires
proof of three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction,
(2) identity of parties or those in privity with them, and (3) a second action based on the same claims
as were raised or could have been raised in the first action. Amstadt v. United States Brass Corp.,
919 S.W.2d 644, 652 (Tex. 1996); Cherokee Water Co. v. Freeman, 145 S.W.3d 809, 813 (Tex.
App.--Texarkana 2004, pet. denied).

 Res judicata will bar the assertion in a second suit of a claim that should have been litigated
as a defense or compulsory counterclaim in a prior suit. See Ingersoll-Rand Co. v. Valero Energy
Corp., 997 S.W.2d 203, 208-10 (Tex. 1999); Jack H. Brown & Co. v. Nw. Sign Co., 718 S.W.2d
397, 399-400 (Tex. App.--Dallas 1986, writ ref'd n.r.e.) (applies even if original suit ended in
default judgment). The Youngs provided proof of all the elements of res judicata. The first suit was
a final judgment involving the same transaction, and the notice issues could have been raised in the
first action. Both Pyles and the Youngs were parties in the first suit. ResÂ judicata precludes Pyles
from claiming in this suit that the notice in the first suit was insufficient.

 Pyles argues the Youngs have confused the doctrines of collateral estoppel, or issue
preclusion, with res judicata, or claim preclusion. According to Pyles, the "correct doctrine to apply
here is collateral estoppel." Issue preclusion, or collateral estoppel, prevents the re-litigation of
particular issues already resolved in a prior suit. Lone Star Partners v. Nationsbank Corp., 893
S.W.2d 593, 597 (Tex. App.--Texarkana 1994, writ denied). However, collateral estoppel and res
judicata are not mutually exclusive doctrines. "Collateral estoppel is narrower than res judicata. It
is frequently characterized as issue preclusion because it bars relitigation of any ultimate issue of fact
actually litigated and essential to the judgment in a prior suitÂ .Â .Â .Â ." Bonniwell v. Beech Aircraft
Corp., 663 S.W.2d 816, 818 (Tex. 1984). The inquiry for collateral estoppel, unlike res judicata, is
focused on the point or question actually litigated and determined in the original action, not what
might have been litigated and determined. See Getty Oil Co. v. Ins. Co. of N. Am., 845 S.W.2d 794,
800 (Tex. 1992). The fact that issue preclusion may not bar litigation of an issue does not prevent
the application of claim preclusion. Because the elements of claim preclusion have been met, Pyles
is prohibited from challenging the adequacy of the notice in the first suit.

 Pyles argues that the fraud on the court renders the first suit void. A void judgment is not
susceptible to ratification or confirmation, and its nullity cannot be waived. Easterline v. Bean, 121
Tex. 327, 49 S.W.2d 427, 429 (1932); In re Redding, No. 12-07-00098-CV, 2007 Tex. App. LEXIS
3329 (Tex. App.--Tyler Apr. 30, 2007, orig. proceeding [mand. dismissed]); In re Guardianship of
Erickson, 208 S.W.3d 737, 740 (Tex. App.--Texarkana 2006, no pet.). However, the fact that a
final judgment may have been wrong does not affect the application of res judicata. Segrest v.
Segrest, 649 S.W.2d 610, 612 (Tex. 1983). A judgment is void only when the court rendering
judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no
jurisdiction to enter the particular judgment, or no capacity to act." Browning v. Prostok, 165
S.W.3d 336, 346 (Tex. 2005) (citing Austin Indep. Sch. Dist. v. Sierra Club, 495 S.W.2d 878, 881
(Tex. 1973)); see Geldard v. Watson, 214 S.W.3d 202, 209 (Tex. App.--Texarkana 2007, no pet.)
(judgment void because justice court lacked jurisdiction to adjudicate the merits of title). Because
the district court had jurisdiction in the first suit, any other error merely renders the judgment
voidable rather than void. Armentor v. Kern, 178 S.W.3d 147, 149 (Tex. App.--Houston [1st Dist.]
2005, no pet.). Even an erroneous judgment does not render the final judgment void. There are
procedures by which Pyles may have been able to successfully challenge the foreclosure notices. (8) 
Pyles, though, is now barred from challenging the sufficiency of the foreclosure notices by the
doctrine of res judicata.

We Decline to Assess Sanctions Against Either Party

 Both sides have requested that this Court award sanctions for their opponent's actions. Pyles
requests that we assess sanctions under various rules, including Tex. R. App. P. 43.6, which allows
this Court to make "any other appropriate order that the law and the nature of the case require." See
Tex. R. App. P. 43.6. Pyles claims theYoungs and their counsel have misstated and misquoted the
law and the facts. In addition, Pyles requests we assess sanctions against the Youngs and their
counsel for committing fraud in the first suit. The Youngs claim Pyles has brought a frivolous
appeal and request sanctions against Pyles and his counsel. Under Rule 45, we may, at our
discretion, award "just damages" to a prevailing party in an appeal if we determine the appeal is
frivolous after considering the record, briefs, or other papers filed. See Tex. R. App. P. 45; Solares
v. Solares, 232 S.W.3d 873, 883 (Tex. App.--Dallas 2007, no pet.). "An appeal is frivolous if when
it is brought there were no reasonable grounds to believe the judgment would be reversed or when
it is pursued in bad faith." Id. We have no doubt both sides could have disposed of this dispute
more efficiently. However, after reviewing the record and the briefs, we decline to find Pyles' appeal
frivolous and decline to sanction the Youngs under Rule 45. We overrule both requests for
sanctions.

 We affirm the judgment of the trial court.




 Jack Carter

 Justice


Date Submitted: November 21, 2007

Date Decided: December 21, 2007


1. The contract contains a handwritten notation correcting the address from 8822 P.R. 2284.
2. The copy of the contract filed by the Youngs contains a handwritten correction that the
monthly installments shall continue until April 1, 2005. The copy of the contract filed by Pyles does
not contain this correction and specifies the monthly installments shall continue until AprilÂ 1, 2002. 
3. Young claims a letter notifying Pyles of default was sent April 25, 2003. The record does
not contain a copy of this letter.
4. We note the justice court rendered judgment to the wrong address: 8822 PR 2284.
5. The judgment also provides that Pyles' "Original Counterpetition" shall be severed from this
cause. No complaint has been made to the severance.
6. We note that we do not have a complete record on appeal. The trial in the county court at
law occurred on or about December 20, 2006. The reporter's record filed with this Court does not
contain any record of the proceedings on December 20, 2006. The Texas Rules of Appellate
Procedure now provide for the use of a partial record. See Tex. R. App. P. 34.6(c). If Rule 34.6(c)
is properly invoked, we must presume that the record is the entire record for purposes of reviewing
stated issues, even if the issue complains of the insufficiency of evidence to support a specific
finding. See id.; Furr's Supermarkets, Inc. v. Bethune, 53 S.W.3d 375, 380 (Tex. 2001). Pyles,
though, failed to successfully traverse the rule. Under Rule 34.6(c)(1), "[i]f the appellant requests
a partial reporter's record, the appellant must include in the request a statement of the points or issues
to be presented on appeal and will then be limited to those points or issues." See Tex. R. App. P.
34.6(c)(1). The record in this case does not contain a statement of points. 

 If the record is incomplete and the appellant has not complied with Rule 34.6(c), the appellate
court must presume that the omitted portions support the judgment or order from which the appeal
is taken. In re Estate of Arrendell, 213 S.W.3d 496, 503 (Tex. App.--Texarkana 2006, no pet.);
CMM Grain Co. v. Ozgunduz, 991 S.W.2d 437, 439-40 (Tex. App.--Fort Worth 1999, no pet.); see
Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990). Therefore, we must presume the
omitted portions of the record support the judgment. 
7. The Youngs also claim the notices were "actually delivered to Appellant on numerous
occasions, both personally and through his counsel of record." The Youngs, though, fail to direct
us to where this statement is supported by the record.
8. Pyles had the opportunity to challenge the foreclosure notices at the first trial in district
court, but failed to appear for trial. Pyles did not appeal the post-answer default judgment. We note
Pyles cites several provisions from Texas Jurisprudence providing a judgment can be vacated based
on fraud. See 48 Tex. Jur. 3d Judgments Ç§ 257, 328 (2007). Section 257 specifically provides
such a challenge "is in essence a bill of review and is governed by the law applicable to such
proceedings." 48 Tex. Jur. 3d Judgments § 257. A bill of review requires the proponent to plead
and prove 1) a meritorious defense, 2) that he or she was prevented from making due to the fraud,
accident, or wrongful act of his or her opponent, and 3) that the failure to appear was unmixed with
any fault or negligence of his or her own. 5 Roy W. McDonald & Elaine A. Carlson, Texas
Civil Practice Â§Â 29:10 (1999); Cortland Line Co. v. Israel, 874 S.W.2d 178, 183 (Tex.
App.--Houston [14th Dist.] 1994, writ denied). According to an attachment filed to appellee's brief,
Pyles has filed a bill of review action in a separate proceeding.